```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| DANIEL P. CONNOLLY,<br>    Plaintiff,<br><br>v.<br><br>SHAW'S SUPERMARKETS, INC.,<br>    Defendant. | Civil Action No.<br>17-11711-NMG |

### MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons set forth below, the Court (1) allows the plaintiff's motion to proceed in forma pauperis; and (2) directs the plaintiff to file an amended complaint.

### I. Background

On September 12, 2017, pro se litigant Daniel P. Connolly filed a complaint and a motion for leave to proceed in forma pauperis. He names one defendant--his former employer Shaw's Supermarkets, Inc. ("Shaw's"). His brief statement of the claim is as follows: "I was wrongly dismissed from my position without a hearing that I requested in writing. When the company received my receiving records, Shaw's Supermarkets found everything in order." Compl. at 4.

On January 12, 2018, the Clerk received a letter in which Connolly stated that he wanted to submit his entire case filed at the office of the Massachusetts Commission Against Discrimination ("MCAD").[1] Connolly requests advice in obtaining these records

---

[1] Connolly's letter uses the phrase "Office of the Massachusetts Board of Discrimination [sic], which the Court assumes is a reference to the MCAD.

and asks if the Equal Employment Opportunity Commission ("EEOC") has a copy of them.

**II.  Discussion**

    **A.    Motion to Proceed In Forma Pauperis**

Upon review of the motion to proceed in forma pauperis, the Court concludes that the plaintiff has adequately shown that he is without means to prepay the $400.00 filing fee.  The Court therefore allows the motion.

    **B.    Screening of the Complaint**

Because the plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

        **1.    Rule 8(a) of the Federal Rules of Civil Procedure**

To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In other words, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox

County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). Further, "only a complaint that states a plausible claim for relief" states a claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (emphasis added). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief." Id. (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

Here, Connolly's complaint fails to state a claim upon which relief can be granted. While his allegations provide some information about his claim, he has not "set forth minimal facts as to who did what to whom [and] when." Connolly must file an amended complaint that follow the instruction of the form complaint he used: "State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." Compl. at 4.

**2. Insufficient Allegations of Actionable Misconduct**

Moreover, Connolly's complaint fails to state a claim upon

3

which relief can be granted because he has not alleged facts from which the Court may reasonably infer that Shaw's is liable for misconduct under the law. For purposes of this order, the Court credits Connolly's representation that he did not receive the hearing he requested and that receiving records later proved that the accusation of wrongdoing that supposedly the reason for his termination was later proved to be false. While the Court can infer from this claim that the defendant may have acted unfairly, there is no suggestion that it violated the law.

Under Massachusetts law, absent an employment agreement providing otherwise, employment is presumed to be "at will," meaning that an employee can be discharged at any time, see, e.g., White v. Blue Cross & Blue Shield of Mass., Inc., 442 Mass. 64, 70 (2004) (employer was "well within its rights" to give at-will employee "any reason, a false reason, or no reason at all for his termination"), or quit his employment at anytime.

Nonetheless, federal law prohibits an employer from firing an employee--even an "at will" employee--based on the employee's race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2(a). In some circumstances, federal law also prohibits an employer from firing an employee based on the employee's age or disability. See 29 U.S.C. § 623(a); 42 U.S.C. § 12112(a). It is also unlawful under federal law for an employer to fire an employee because the employee has opposed illegal discrimination by the employer. See 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203.

Although Connolly has alleged that his employer treated him unfairly, he has not alleged any facts from which the Court may reasonably infer that the termination of his employment violated federal law. He does not suggest that Shaw's terminated his employment based on his race, color, religion, sex, national origin, age, or disability, or because he opposed discriminatory practices by his employer. Connolly therefore has not stated a federal claim upon which relief can be granted.

Similarly, Connolly has not alleged facts from which the court may infer that Shaw's violated <u>state</u> law. He does not suggest that Shaw's violated state anti-discrimination laws, <u>see</u> M.G.L. ch. 151B, § 4(1), that Shaw's breached an employment contract, or that the termination otherwise violated Massachusetts law, <u>see</u>, <u>e.g.</u>, <u>Gram v. Liberty Mut. Ins. Co.</u>, 384 Mass. 659, 672 (1981) (termination that deprives employee of compensation for services already performed violates covenant of good faith and fair dealing). Further, in the absence of any federal claim to establish federal question jurisdiction under 28 U.S.C. § 1331, and in the apparent absence of diversity of state citizenship between the parties, <u>see</u> 28 U.S.C. § 1332,[2] the Court would be without subject matter jurisdiction over the state law claims.[3]

---

[2] It appears that both parties are domiciled in Massachusetts.

[3] If Connolly is able to plead a federal claim, the Court may exercise jurisdiction over any claims arising under state law. <u>See</u> 28 U.S.C. § 1367(c).

### 3. Filing an Amended Complaint

If Connolly wishes to proceed with this action, he must file an amended complaint within thirty-five days. The amended complaint must cure the deficiencies of the original complaint. In other words, it must provide sufficient factual allegations as to the conduct of Shaw's and those factual allegations must contain information from which the Court may reasonably infer that Shaw's violated the law. If Connolly maintains that Shaw's illegally discriminated against him, he must identify the basis of the illegal discrimination (sex, race, age, disability, complaining of illegal conduct, etc.) and what Shaw's did to lead him to believe that his discharge was the result of illegal discrimination

As an amended complaint completely replaces the original complaint, see Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), Connolly should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint. Further, the claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### C. Letter Concerning Records from the MCAD

It is unnecessary for Connolly to submit his entire file from the MCAD to the Court, especially now at the pleading stage, when the Court will assume the veracity of all well-pled factual allegations. He may attach exhibits to his complaint and

6

incorporate them by reference, if he chooses, but the complaint must still set forth a short and plain statement of his claim showing that he is entitled to relief. The Court plays no role in obtaining records from the MCAD. Finally, Connolly's question concerning the records possibly in the possession of the EEOC should be directed to that agency.

## ORDER

In accordance with the foregoing:

(1) The motion to proceed in forma pauperis (#2) is **ALLOWED**.

(2) The plaintiff is directed to file an amended complaint. Failure to comply with this directive within thirty-five (35) days of the date of this Memorandum and Order will result in dismissal of this action.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: 2/12/2018