### United States District Court
### District of Massachusetts

```
_____
                              )
DANIEL P. CONNOLLY,           )
                              )
          Plaintiff,          )
                              )
     v.                       )
                              )   Civil Action No.
SHAW'S SUPERMARKETS, INC.,    )   17-11711-NMG
                              )
          Defendant.          )
_____   )
```

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises from the alleged unlawful termination of Daniel Connolly ("Connolly" or "plaintiff") by Shaw's Supermarkets, Inc. ("Shaw's" or "defendant"). Before this Court is defendant's motion to dismiss (Docket No. 13). For the following reasons, defendant's motion will be allowed, in part, and denied, in part.

## I.  **Background**

### A.  **Facts**

Connolly is a resident of Nahant, Massachusetts. Shaw's is a grocery store chain incorporated in Massachusetts with over 100 locations throughout New England.

Connolly was employed by Shaw's from January, 1998, until May, 2014. During his 16-year tenure, plaintiff worked as a grocery clerk or receiver at multiple store locations. As part of

-1-

his duties as a receiver, plaintiff was required to "index" items when they were received from the vendor which consisted of counting the items and entering a corresponding code into a system tracking their receipt.  Over the course of his employment, he received two written warnings, not including the final warning that led to this claim.  In 2002, Connolly received his first written warning for not rotating products adequately.  He received his second written warning in 2014 for failing to keep the back room clean and not completing daily assignments.  No other discipline was imposed for those infractions and other than those there have been no complaints about Connolly's performance.

In May, 2014, while working at Shaw's store in Ipswich, Massachusetts, Connolly alleges he was subjected to an adverse employment action.  He was 64 years old at the time.  While Connolly was out on a planned vacation, the person assigned to cover his position discovered vendor slips for certain bread items that had not been entered into the indexing system.  On May 2, 2014, Acting Store Director Tarsha Cunha reported the situation to the Loss Prevention Department and asked it to investigate whether plaintiff had been stealing produce.

Upon returning from vacation, plaintiff met with Cunha and Grocery Manager Troy Mudgett to discuss the situation and was subsequently interviewed by the Loss Prevention Department. During that interview, Connolly stated that there had been

previous issues with respect to the indexing system and missing codes for items which prevented receivers from making proper entries into the system.  He indicated that those issues had been resolved in the past without incident.

On May 11, 2014, the Loss Prevention Department completed an Investigative Summary which included a report by Accounts Payable Manager Jayne Maranhas.  She concluded that there was "no blatant sloppiness in [indexing]" and that the bread items likely had not been listed because the indexing system lacked a code for those particular items as "was common to many stores".  She clarified that her conclusions did not, however, "speak to [plaintiff] not counting" those items properly when received from the vendor. There was no indication in the report that Connolly was suspected of stealing from Shaw's.

On May 15, 2014, plaintiff received a disciplinary notice giving him a final written warning and suspending him from work. That notice explained that he was being suspended for

> [g]ross [n]egligence of job responsibilities [because he]
> didn't use the proper procedures well [sic] Dexing and
> [c]ounting the gold medal bread for several months.

Connolly signed the final written warning and requested a hearing pursuant to Shaw's Associate Appeal Process policy.  He allegedly later called a store representative to inquire about his appeal. That call allegedly was not returned nor was Connolly ever instructed to return to work.  Plaintiff contends that the failure

-3-

to issue a notice to return to work following his suspension
constituted a termination of his employment.

### B.   Procedural History

In March, 2015, plaintiff filed a complaint with the
Massachusetts Commission Against Discrimination ("the MCAD")
alleging that defendant had unlawfully terminated him in May,
2014, due to his age.  The outcome of the MCAD proceeding is
unclear.  Connolly asserts that some time later he spoke to
someone at the Equal Employment Opportunity Commission ("the
EEOC") who advised him to file an action in this Court.

In September, 2017, plaintiff filed a complaint pro se in
this Court.  The entirety of that complaint consists of two
factual allegations:

> I was wrongly dismissed from my position without a hearing
> that I requested in writing.  When the company reviewed my
> receiving records, Shaw's Supermarkets found everything in
> order.

In February, 2018, this Court directed Connolly to file an
amended complaint because the original complaint failed to allege
facts sufficient to state a claim under federal or state law.  In
March, 2018, plaintiff submitted nine exhibits to supplement his
original complaint.  Those exhibits include 1) his resume, 2) a
rebuttal statement filed with the MCAD in 2015, 3) internal Shaw's
performance reviews of plaintiff and 4) the disciplinary notice
and other documents related to the May, 2014 incident.  Shortly

-4-

thereafter, this Court entered an order construing plaintiff's complaint and associated exhibits as an action for unlawful employment discrimination based on age and directing plaintiff to serve process upon the defendant.

In May 2018, a United States Marshal served a copy of the summons and complaint by hand to defendant's receptionist at its corporate office.  The complaint served did not include any exhibits or a copy of this Court's order.  Defendant learned of those exhibits through review of the docket by its counsel.  A few weeks later, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6).  Defendant maintains that the complaint must be dismissed because 1) it was not properly served, 2) the Court lacks subject matter jurisdiction in that the complaint alleges no action under federal law and the exhibits refer only to an age discrimination claim under Massachusetts state law, 3) the complaint otherwise fails to state a claim for age discrimination under federal law and 4) any claim for age discrimination under Massachusetts state law is time-barred.

## II.  **Motion to Dismiss**

### A.   **Legal Standard**

A plaintiff faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(1) bears the burden of establishing that the court has subject matter jurisdiction over the action. Lujan v. Defs.

of Wildlife, 504 U.S. 555, 561 (1992).  If the defendant proffers a "sufficiency challenge", the court will assess plaintiff's jurisdictional allegations liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

If the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. Id.  The court has "broad authority" in conducting the inquiry and can, in its discretion, order discovery, consider extrinsic evidence or hold evidentiary hearings in determining its own jurisdiction. Id. at 363-64.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248

F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Langadinos</u> v. <u>Am. Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662 (2009).

<u>Pro se</u> pleadings are held to "less demanding standards than those drafted by lawyers" and are read liberally on a motion to dismiss. <u>Boivin</u> v. <u>Black</u>, 225 F.3d 36, 43 (1st Cir. 2000).  Even <u>pro se</u> plaintiffs must, however, follow procedural rules and dismissal is appropriate when the court lacks jurisdiction or when the complaint fails to suggest an actionable claim. <u>Overton</u> v. <u>Torruella</u>, 183 F. Supp. 2d 295, 303 (D. Mass. 2001) (citing <u>Lefebvre</u> v. <u>Comm'r Internal Rev.</u>, 830 F.2d 417, 419 (1st Cir. 1987)).

One of the applicable procedural rules is service of process pursuant to Fed. R. Civ. P. 4.  A motion to dismiss for improper process under Fed. R. Civ. P. 12(b)(4) pertains to the "content of the summons" and a motion to dismiss for improper service of process under Fed. R. Civ. P. 12(b)(5) challenges the "mode of delivery". <u>Taite</u> v. <u>Bridgewater State Univ.</u>, 236 F. Supp. 3d 466, 472 (D. Mass. 2017).  Defendant bears the initial burden of showing service was improper. <u>Id.</u>  Once adequately challenged, the

burden shifts to plaintiff to show service was proper. <u>Rivera-Lopez</u> v. <u>Municipality of Dorado</u>, 979 F.2d 885, 887 (1st Cir. 1992).

While ignorance of procedural rules is ordinarily no excuse for improper service, courts have recognized certain exceptions for plaintiffs proceeding <u>pro se</u> or <u>in forma pauperis</u>. <u>See</u> <u>Richardson</u> v. <u>Downing</u>, 209 F.R.D. 283, 284 (D. Mass. 2002) (holding that, where plaintiff was proceeding <u>in forma pauperis</u>, an error in service of process was harmless because the defendant had actual knowledge of the complaint and no prejudice resulted from the deficiency); <u>see also</u> <u>Rochon</u> v. <u>Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987) (holding that "a plaintiff proceeding in forma pauperis is entitled to rely upon service by the United States Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant").

### B.   Age Discrimination Claims

It is illegal to discriminate on the basis of age under both the Age Discrimination in Employment Act of 1967 ("the ADEA"), 29 U.S.C. §§ 621 <u>et</u> <u>seq.</u>, and Massachusetts state law, M.G.L. c. 151B, § 4.  The standards applied for age discrimination claims under federal law and Massachusetts state law are so similar that those claims can be analyzed together. <u>Tombeno</u> v. <u>FedEx Corp.</u>

<u>Servs., Inc.</u>, 284 F. Supp. 3d 80, 86 (D. Mass. 2018) (citing

<u>Adamson</u> v. <u>Walgreens Co.</u>, 750 F.3d 73, 78 (1st Cir. 2014)).

### 1. Legal Standard

The ADEA and M.G.L. c. 151B make it unlawful for an employer

to take adverse action against an employee because of his or her

age. 29 U.S.C. § 623(a)(1); M.G.L. c. 151B, § 4.  An employee need

not produce direct evidence of discrimination but rather may rely

upon a burden-shifting framework. <u>Mesnick</u> v. <u>Gen. Elec. Co.</u>, 950

F.2d 816, 823 (1st Cir. 1991) (citing <u>McDonnell Douglas Corp.</u> v.

<u>Green</u>, 411 U.S. 792, 802-05 (1973)).  Under that framework, the

employee bears the initial burden of showing by a preponderance of

the evidence

> (1) that he was at least forty years old when he was fired;
> (2) that his job performance met the employer's legitimate
> expectations; (3) that he suffered an adverse employment
> action such as firing; and (4) that the employer filled the
> position, thereby showing a continuing need for the services
> that he had been rendering.

<u>Adamson</u>,750 F.3d at 78.  Establishing a <u>prima facie</u> case gives

rise to a rebuttable presumption that the employer engaged in

intentional age-based discrimination. <u>Id.</u>  The burden then shifts

to the employer to "articulate a legitimate, nondiscriminatory

reason for its employment decision". <u>Id.</u> (quoting <u>Vélez</u> v. <u>Thermo</u>

<u>King de P.R., Inc.</u>, 585 F.3d 441, 447 (1st Cir. 2009)).  If the

defendant articulates a legitimate, non-discriminatory reason, the

burden shifts back to plaintiff to show that the employer's

proffered reason is pretextual and that "the true reason for the adverse action is discriminatory". Id. at 79.

Plaintiff need not allege facts sufficient to establish a full prima facie case at the pleading stage. Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002) ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."); Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013). The plaintiff, however, "must plead enough facts to make entitlement to relief plausible". Higgins v. State St. Corp., 323 F. Supp. 3d 203, 206 (D. Mass. 2018) (citing Rodriguez-Reyes, 711 F.3d at 54).

### 2. Procedural Requirements

The ADEA and M.G.L. c. 151B both have administrative exhaustion requirements before an aggrieved employee can file a civil suit in court. See Brennan v. King, 139 F.3d 258, 268 (1st Cir. 1998); Lopez-Rosario v. Programa Seasonal Head Start/Early Head Start de la Diocesis de Mayaguez, 245 F. Supp. 3d 360, 368 (D.P.R. 2017) (discussing ADEA administrative exhaustion requirement); see also 29 U.S.C. § 626(d).

The ADEA requires aggrieved employees to file charges with the EEOC within 180 days of the alleged discrimination but in states with their own discrimination laws (such as Massachusetts) employees must file with the EEOC within 300 days. Conroy v.

Boston Edison Co., 758 F. Supp. 54, 57 (D. Mass. 1991); see also
29 U.S.C. §§ 626(d)(1), 633(b).  In Massachusetts, a charge filed
with either the EEOC or the MCAD is effectively filed with both
agencies. Davis v. Lucent Techs., Inc., 251 F.3d 227, 230 n.1 (1st
Cir. 2001).  The ADEA has a 90-day statute of limitations for
filing a civil action but that limitations period does not begin
to run until the EEOC denies the administrative claim. Santangelo
v. New York Life Ins. Co., 785 F.3d 65, 69 n.3 (1st Cir. 2015).

   Under Massachusetts state law, a claim for age discrimination
must be filed with the MCAD within six months of the alleged act
of discrimination. M.G.L. c. 151B, § 5.  A civil lawsuit based on
that alleged violation of state law must be filed within three
years of the alleged misconduct. M.G.L. c. 151B, § 9.

   C.   Application

      1.   Subject Matter Jurisdiction

   As an initial matter, the Court has subject matter
jurisdiction pursuant to the ADEA.  Defendant contends that
plaintiff's complaint does not make even a "glancing reference" to
federal law and thus this Court does not have subject matter
jurisdiction.  In its order from March, 2018, however, this Court
determined that plaintiff had alleged a claim for employment
discrimination based on age.  While the complaint does not
explicitly refer to federal law, such a claim for age
discrimination can be brought pursuant to the ADEA.

-11-

Furthermore, Connolly indicated that the EEOC advised him of his right to file a federal civil action in a federal district court.  That reference to the EEOC indicates that he intended to file an ADEA claim because filing a complaint with the EEOC (or the MCAD) is a prerequisite to suing under the ADEA. §§ 626(d)(1), 633(b).  Construing plaintiff's pleadings liberally, the Court finds that plaintiff has asserted a claim under the ADEA and thus it has subject matter jurisdiction over his claim.  Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be denied.

### 2.    Insufficient Process and Service of Process

Defendant also contends that the complaint should be dismissed for improper process and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).  It submits that neither the exhibits nor the Court's order construing those exhibits were served upon it and that, as such, process was improper.  Defendant also asserts that service of process was improper because service was made upon the corporation's receptionist who is not a corporate officer or agent authorized to receive service of process.

Even if process or service of process was technically insufficient here, defendant was not prejudiced by those deficiencies.  Defendant concedes that it had actual notice of the filings on the docket and has been able to describe those filings

in detail.  Given that Connolly is a <u>pro</u> <u>se</u> plaintiff proceeding
<u>in</u> <u>forma</u> <u>pauperis</u>, he will not be held responsible for the
mistakes of the United States Marshal who effected improper
service of process because those technical errors were harmless.
<u>See</u> <u>Rochon</u>, 828 F.2d at 1110; <u>Richardson</u>, 209 F.R.D. at 284.
Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4)
and 12(b)(5) will be denied.

### 3.   State Law Claim

Defendant maintains that any age discrimination claim under
Massachusetts state law is time-barred.  Even assuming that
Connolly timely filed a complaint with the MCAD for age
discrimination, he did not file his complaint in this Court until
September, 2017, more than three years after the alleged
discriminatory conduct in May, 2014.  Chapter 151B, § 9
unambiguously states that a complaint must be filed within three
years of the alleged unlawful employment practice.  Connolly's
state law claim is thus time-barred and defendant's motion to
dismiss will be allowed with respect to that claim.[1]

### 4.   ADEA Claim

Plaintiff has alleged facts sufficient to state a plausible
claim for age discrimination under the ADEA.  First, plaintiff was
64 years old at the time of the adverse employment action and thus

---

[1] Defendant does not raise the issue of timeliness with respect to plaintiff's
federal claim under the ADEA and the Court declines to address whether that
claim is also time-barred.

he has shown that he was a member of a protected class at the time of the alleged discriminatory conduct.

Second, Connolly has submitted multiple performance reviews in support of his contention that he fulfilled the company's legitimate performance expectations.  The reviews describe his willingness to work with others and ability to "perform his job error free".  One of the criticisms plaintiff received on a consistent basis was that his managers thought he could work faster but they nevertheless found that he met their expectations. While such criticism of Connolly's job performance would be a nondiscriminatory basis for his termination, it was not the basis for his suspension in May, 2014, nor was it related to his prior two written warnings.  Furthermore, at the motion to dismiss stage, the Court must draw all reasonable inferences in plaintiff's favor and it is plausible that plaintiff was not terminated for working too slowly given that he had never received a written warning in that regard during his previous 16 years of employment with defendant. Based on the current record, the Court finds it plausible that Connolly's job performance met his employer's expectations.

Third, plaintiff apparently suffered an adverse employment action.  He was suspended from work and alleges that he was never told by defendants to return to work and thus believed he was still suspended.  At minimum, Connolly's suspension adversely

affected his status as an employee by rendering him temporarily
without pay and adding a serious infraction to his employment
record and, if true, his additional claim that he was never told
to return to work effectively constituted a termination from his
position at Shaw's.

Finally, Connolly proclaims that similarly situated employees
not in his protected class were treated more favorably than he
was.  In his brief submitted to the MCAD, plaintiff contends that
Shaw's has a

> propensity to terminate older employees for minor and/or non-
> existent employment infractions, while allowing younger
> employees to commit more severe infractions and continue
> their employment.

Furthermore, the Court can infer that there was an ongoing need
for the services that Connolly had been performing prior to his
suspension and possible termination.  Presumably, Shaw's still had
a need for receivers and likely filled plaintiff's position with
another individual after he had been suspended.  Although Connolly
does not allege specific facts that defendant treated younger
employees differently than him for similar violations or that it
filled his position with a younger employee after he was suspended
or terminated, he is not required to prove his full prima facie
case at the pleading stage. See Swierkiewicz, 534 U.S. at 510;
Rodriguez-Reyes, 711 F.3d at 54.

Recently, this Session allowed a defendant's motion to dismiss in an ADEA case where a <u>pro</u> <u>se</u> plaintiff provided only a "speculative conclusion" that a company did not interview him because of his age. <u>See</u> <u>Higgins</u>, 323 F. Supp. 3d at 206-07.  In that case, however, this Court found that the plaintiff had made neither a claim that the employer had given a similarly situated younger applicant an interview nor a claim that the employer had said or done anything to indicate that it had discriminated against him based on age.  Here, Connolly has at least alleged that younger employers were treated differently than he was for similar infractions, even if he does not provide specific facts of those instances.  After construing the complaint and accompanying exhibits liberally and drawing all reasonable inferences in his favor, the Court concludes that plaintiff has alleged enough to go forward with his ADEA claim.  Defendant's motion to dismiss with respect to that claim will be denied.

## ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 13) is

1) with respect to plaintiff's age discrimination claim under Massachusetts state law, **ALLOWED,** but

2) with respect to plaintiff's age discrimination claim under the ADEA, **DENIED.**

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated December 20, 2018